UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| MARTHA KAY BAIRD HOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:23-cv-00750 |
| ) | |
| CHERYL FACCIANI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT RULE 26(f) PLAN

The parties, come, pursuant to Fed. R. Civ. P. 26(f), having met and conferred, to respectfully submit the Joint Discovery Plan (the "Plan") as set forth below:

**I. Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.**

The parties have discussed the general nature and basis of each other's claims and defenses. Should the parties be so inclined, they will contact the Magistrate Judge to schedule a mediation.

**II. Rule 26(f) Discovery Plan.**

For all ESI discovery permitted under Rule 26, the parties agree to limit the relevant periods (the "Relevant Period") for discovery from the various parties from May 1, 2021, to June 30, 2023 (one month subsequent to the date of alleged termination of employment).

The parties reserve the right to move for leave to modify the applicable Relevant Period should the need arise.

Pursuant to Rule 26(f) and the Scheduling Order that has yet to be entered, the parties jointly propose the following agreed plan supplementing/amending the discovery

provisions set forth in the Pretrial Order:

(A) Rule 26(a) Initial Disclosures will be provided by Plaintiff within thirty (30) days of the Court's ruling on Defendants' Motion to Dismiss Complaint, or within thirty (30) days of the first Rule 26(f) conference, whichever is later. Initial disclosures will be provided by Defendants fifteen (15) days after initial disclosures are received from Plaintiff.

(B) The primary subjects on which discovery may be needed will be Plaintiff's employment history with the Roanoke County School Board, and Plaintiff's activities as member of the Roanoke County Board of Supervisors. All discovery, including depositions, will be completed one hundred twenty (120) days before trial. Plaintiff shall make her Rule 26(a)(2) expert witness disclosures on or before two hundred (200) days prior to trial. Defendants shall make expert witness disclosures thirty (30) days thereafter. Rebuttal designations shall be disclosed fourteen (14) days after Defendants' expert witness disclosures.

(C) Regarding electronic discovery issues, see Part III, below.

(D) Regarding issues of assertion or privilege and protection of trial preparation materials, see Part III, below ("Privileged Produced Information").

(E) The parties do not anticipate the need for limitations on discovery beyond those set forth in the Federal Rules of Civil Procedure.

(F) It appears necessary for a Protective Order to be entered and counsel for Defendants will submit a proposed Protective Order along with written discovery requests.

(G) The parties agree to transmit and/or serve discovery requests and responses by electronic means (e.g. electronic mail and/or electronic file sharing means). The

parties further agree that all correspondence and/or communications and/or pleadings regarding this matter shall be transmitted and/or served electronically.

(H) Should a protective order be requested by either party, the parties agree to limit the scope of "confidential information" to include "trade secrets", as defined under 18 U.S.C. §§ 1836, *et seq.*, "education records", as defined under the Family Educational Rights and Privacy Act ("FERPA") at 20 U.S.C. § 1232g and by applicable regulations, and any information contained in a public record subject to exclusion from mandatory disclosure pursuant to the Virginia Freedom of Information Act at Va. Code § 2.2-3700, *et seq.*The parties further agree to provide a draft of the proposed protective order along with their Initial Disclosures.  The parties further agree to comply with the Local Rules of the Western District of Virginia when third party employment files may be at issue in the case.

(I) Parties shall file any dispositive motions on or before 90 days prior to trial and shall be set for hearing no later than 60 days prior to trial, or as soon thereafter as the matter may be scheduled by the Court.

**III. Discovery of Electronically Stored Information ("ESI").**

The parties will comply with the rules governing electronic discovery set forth in the Federal Rules of Civil Procedure, applicable local rules, and decisional law.  The parties hereby submit the following summary of the parties' conference and agreement regarding electronic discovery matters:

1. <u>Preservation:</u>  The parties agree that Defendants will provide Plaintiff with a communication with Defendants' Initial Disclosures, describing how electronically stored information ("ESI") has been preserved to date, including litigation hold processes that have been implemented and the identification of ESI repositories where potentially

responsive ESI may reside. The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information created during the Relevant Period, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI). To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

2. <u>Search Terms:</u> The parties have agreed to the following protocol regarding the use of search terms to decrease the scope of production in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b). The parties have agreed to an iterative search process and to exchange multiple sets of search terms. At the end of the process, the search terms provided by the Searching Party will be applied to the ESI of the Producing Party. The Producing Party will then create an ESI data set with the results and that ESI will be produced subject to an agreed ESI Protocol. The first set of search terms will be provided by Plaintiff with Plaintiff's Initial Disclosures. Thereafter, the parties will work in good faith to revise the list of search terms based upon the reasonable requests of the Searching Party and the provision of search term results from the Producing Party, to include for each set of search terms, the total number of documents (including attachments) identified within the full data set for each search term responsive ESI will be produced by or before the deadlines applicable under the Requests for Production of Documents and Rule 34. The parties agree to work in good faith to agree upon reasonable search terms and Key Custodians. Defendants agree to produce the ESI in searchable PDF format on a platform capable of reviewing the aforementioned ESI.

3. <u>"Excessive" ESI Data Set:</u> If one or more of Search Party's proposed search terms produce more than 800 "hits," Plaintiff, Defendants, and Defendants' ESI Vendor

will have a teleconference within fourteen (14) days of the Producing Party notifying the Searching Party of the one or more proposed search terms produced the "excessive" number of hits.

4.   Identification of Custodians:  The parties agree to provide to each other with their Initial Disclosures the identification of individuals and entities that they reasonably believe could have access to, control over or responsibility for potentially discoverable information.  The parties will meet and confer in good faith and exchange additional information as may be necessary to facilitate the identification, and limit the number, of individuals and entities for whom the provisions of this section shall be applicable.  The parties have also agreed to work in good faith to identify on whether particular individuals are "Key Custodians" or "Non-Key Custodians".  ESI is required to be collected only from Key Custodians.  Non-Key Custodians are required to receive a litigation hold memorandum.

5.   Privileged Produced Information:   The parties hereby invoke the protections of Federal Rule of Evidence 502 and specifically 502(d) and (e).

6.   Information Not Reasonably Accessible.  With their initial document productions, the parties agree to identify potentially discoverable information that each party asserts is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B) to the extent that such determination can be made.  For all such potentially discoverable information, the parties will indicate whether the data is catalogued or otherwise organized, such that the parties can determine more precisely what type of potentially discoverable information may exist, and whether the potentially discoverable information can be selectively searched.

7.   Unavailable Information.  With their initial document productions, the

parties agree to identify, to the extent that they are aware, responsive or potentially responsive data that was at one time available but is no longer available in any form, indicating why the data is no longer available, when it became unavailable, and who is responsible for ordering its destruction and destroying it.

8. <u>No Waiver of Objections</u>.  By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

9. <u>No Subject Matter Waiver.</u>  The Parties hereby acknowledge that certain disclosures made pursuant to Rule 26 and Rule 16, or through other formal or informal pretrial disclosures, may result in the disclosure of documents or information that is otherwise subject to the protections of the attorney/client privilege and work product immunity.  To the extent that such disclosures are made, the parties agree that any arguable waiver of these protections is made in furtherance of the letter and spirit of cooperation embodied in Rule 26 and the applicable decisional law, and that such disclosure only waives the privilege or immunity, if at all, as to the specific information disclosed.  The parties agree that no subject matter waiver of attorney/client privilege or work product immunity is made or implied by such disclosures, including as to non-disclosed aspects of discovery practices, procedures and strategies employed by the parties.

**IV.   Depositions**

The parties agree that the use of telephonic and videoconference depositions save both parties time and resources.  To the extent possible, the parties agree to schedule depositions via telephonic means or through the use of videoconference technology.

AGREED:

  /s/ Thomas E. Strelka
Thomas E.  Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB # 65766)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA  24018
Tel:  540-283-0802
thomas@vaemployment.law
leigh@vaemployment.law
brittany@vaemployment.law
monica@vaemployment.law

*Counsel for Plaintiff*


  /s/ R. Matthew Black
Stacy L. Haney, Esq.
R. Matthew Black, Esq.
HANEY PHINYOWATTANACHIP PLLC
9201 Arboretum Pkwy, Suite 160
Richmond, VA 23236
804-500-0310
shaney@haneyphinyo.com
mblack@haneyphinyo.com

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2024, the foregoing was filed via the Court's electronic CM/ECF filing system which sent a Notice of Electronic Filing to:

Stacy L. Haney, Esq.
R. Matthew Black, Esq.
HANEY PHINYOWATTANACHIP PLLC
9201 Arboretum Pkwy, Suite 160
Richmond, VA 23236
804-500-0310
shaney@haneyphinyo.com
mblack@haneyphinyo.com

*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　　　/s/ Thomas E. Strelka

　　　　　　　　　　　　　　　　　　　　　Thomas E. Strelka