# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Roanoke Division

| | |
|---|---|
| MARTHA KAY BAIRD HOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:23-cv-00750 |
| ) | |
| CHERYL FACCIANI, et al., ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANT CHERYL FACCIANI
### TO COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Cheryl Facciani ("Defendant"), by counsel, states as follows in Answer to Count I of Martha Kay Baird Hooker's ("Plaintiff") First Amended Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which the relief sought may be granted.

2. Defendant is entitled to qualified immunity.

3. Defendant denies any wrongdoing, and further denies that Plaintiff suffered any compensable injury for which Defendant is liable.

### ANSWER

1. Defendant admits Plaintiff began employment for the Roanoke County School Board "School Board" as a substitute teacher in 1995, and was hired full-time as a marketing teacher at Glenvar High School in 2002. Defendant admits that Plaintiff retired from full-time employment as a teacher in 2021, and was thereafter approved to participate in the School Board's Employee Extended Work Plan ("EEWP") program. Plaintiff continues to be eligible for, and is annually offered the opportunity to participate in, the School Board's EEWP program. Any allegations not expressly admitted are denied.

1

2. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 2, so those allegations are denied.

3. The allegations in paragraph 3 are admitted.

4. The allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 are admitted.

6. The allegations is paragraph 6 are admitted.

7. With respect to the allegations in paragraph 7, Defendant admits Dr. Nicely is the Superintendent of Roanoke County Public Schools, and has been delegated some responsibility and authority to make certain aspects of employment decisions, and to make recommendations to the School Board regarding employment decisions. Any allegations not expressly admitted are denied.

8. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 8, so those allegations are denied.

9. The allegations in paragraph 9 are admitted.

10. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 10, so those allegations are denied.

11. The allegations in the first sentence of paragraph 11 are denied. With respect to the allegations in the second sentence of paragraph 11, Defendant lacks sufficient information to allow formation of a belief as to the truth of whether Plaintiff "received praise from coworkers, students, and her supervisor," so those allegations are denied.

12. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 12, so those allegations are denied.

13.     Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 13, so those allegations are denied.

14.     Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 14, so those allegations are denied.

15.     With respect to the allegations in paragraph 15, Defendant admits Plaintiff has produced a document in discovery as HOOKER 000555, which document speaks for itself.  Defendant denies Plaintiff's characterization of HOOKER 000555.  Any allegations not expressly admitted are denied.

16.     With respect to the allegations in the first sentence of paragraph 16, Defendant states that Code of Virginia § 15.2-403 speaks for itself, and denies Plaintiff's characterization thereof. Defendant admits the allegations in the second sentence of paragraph 16.  Any allegations not expressly admitted are denied.

17.     With respect to the allegations in paragraph 17, Defendant states that Code of Virginia §§ 15.2-1472–1428 speaks for itself, and denies Plaintiff's characterization thereof.  To the extent any response is required, the allegations are denied.

18.     With respect to the allegations in paragraph 18, Defendant admits personal awareness that, at all times pertinent to this matter, Plaintiff served on the Roanoke County Board of Supervisors.  Defendant lacks information sufficient to allow formation of a belief as to whether "RCPS and its officials were aware" that Plaintiff served on the Board of Supervisors, so that allegation is denied.  Any allegations not expressly admitted are denied.

19.     With respect to the allegations in paragraph 19, Defendant states that the State and Local Government Conflict of Interests Act and School Board Policy 5.25 speaks for itself, and denies Plaintiff's characterization thereof.  Any allegations not expressly admitted are denied.

20.     Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 20, so those allegations are denied.

21.     Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 21, so those allegations are denied.

22.     With respect to the allegations in paragraph 22, Defendant admits Plaintiff produced a document in discovery as HOOKER 000027, which document speaks for itself. Defendant denies Plaintiff's characterization of HOOKER 000027. Any allegations not expressly admitted are denied.

23.     The allegations in paragraph 23 are denied.

24.     The allegations in paragraph 24 are denied, insofar as paragraph 24 states Plaintiff was terminated. Defendant lacks information sufficient to allow formation of a belief as to the truth of the remaining allegations in paragraph 24, so those allegations are denied. Defendant also denies that Plaintiff was ever hired as the Work Based Learning Coordinator.

25.     With respect to the allegations in paragraph 25, Defendant states that Code of Virginia § 22.1-94 speaks for itself, and denies Plaintiff's characterization thereof. To the extent any response is required, the allegations are denied.

26.     With respect to the allegations in paragraph 26, Defendant states that Code of Virginia §§ 15.2-1472–1428 speaks for itself, and denies Plaintiff's characterization thereof. To the extent any response is required, the allegations are denied.

27.     With respect to the allegations in paragraph 27, Defendant states that Code of Virginia § 22.1-115 speaks for itself, and denies Plaintiff's characterization thereof. To the extent any response is required, the allegations are denied.

28.     The allegations in paragraph 28 are admitted.

29. With respect to the allegations in paragraph 29, Defendant states that Code of Virginia § 15.2-1428 speaks for itself, and denies Plaintiff's characterization thereof. Any allegations not expressly admitted are denied.

30. With respect to the allegations in paragraph 30, Defendant admits the Roanoke County Board of Supervisors voted unanimously to appropriate funds to the School Board by major classification for Fiscal Year 2023–2024. Any allegations not expressly admitted are denied.

31. With respect to the allegations in paragraph 31, Defendant states that Code of Virginia §§ 15.2-1427, 1428 speaks for itself, and denies Plaintiff's characterization thereof. Defendant admits that she was aware of Plaintiff's Any allegations not expressly admitted are denied.

32. The allegations in paragraph 32 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied. With respect Code of Virginia § 22.1-94, Defendant states that Code of Virginia § 22.1-94 speaks for itself, and denies Plaintiff's characterization thereof.

35. With regard to the allegations in paragraph 35, Defendant admits the other School Defendants expressed dissatisfaction with the decision of the Board of Supervisors but does not recall making any such statements herself. The remaining allegations are denied.

36. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 36, so those allegations are denied.

37. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 37, so those allegations are denied.

38. The allegations in paragraph 38 are denied.

39. The allegations in paragraph 39 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied.

40. The allegations in paragraph 40 are admitted.

41. The allegations in paragraph 41 are denied, as applied to her. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 41, as applied to other persons, so those allegations are denied.

42. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in the first two sentences of paragraph 42, so those allegations are denied. With respect to the third sentence of paragraph 42, Defendant admits she was present when Thomas McCracken made an announcement that he was challenging Plaintiff the Board of Supervisors Republican Primary election. Any allegations not specifically admitted are denied.

43. Defendant admits she was not present at a joint signing ceremony between the Board of Supervisors and the School Board on April 25, 2023. The remaining allegations in paragraph 43 are denied. Any allegations not specifically admitted are denied.

44. The allegations in paragraph 44 are denied.

45. With respect to the allegations in paragraph 45 regarding the State and Local Government Conflict of Interests Act, Defendant states that the Code of Virginia speaks for itself, and denies Plaintiff's characterization thereof. The allegations in paragraph 45 are denied.

46. With respect to the allegations in the first sentence of paragraph 46, Defendant admits the Superintendent of Roanoke County Public Schools is the highest ranking School Board employee. The allegations in the second and third sentences of paragraph 46 are denied. With

respect to School Board Policy, Defendant states such policy speaks for itself, and denies Plaintiff's characterization thereof. Any allegations not expressly admitted are denied.

47. With respect to the allegations in the first and third sentences of paragraph 47 regarding School Board policies, Defendant states School Board policy speaks for itself, and denies Plaintiff's characterization thereof. With respect to the allegations in the second sentence of paragraph 47, the allegation is denied.

48. The allegations in paragraph 48 are denied. With respect to School Board Bylaws, Defendant states such bylaws speaks for itself, and denies Plaintiff's characterization thereof.

49. With respect to the allegations in paragraph 49, Defendant admits that the School Board has the ultimate authority over personnel matters involving its employees. The remaining allegations are denied.

50. With respect to the first sentence of paragraph 50 regarding School Board bylaws, Defendant states that such bylaws speaks for itself, and denies Plaintiff's characterization thereof. With respect to the allegations in the second sentence in paragraph 50, Defendant denies that the School Board provides "advisory opinions" with regard to employees. Any allegations not specifically admitted are denied.

51. The allegations in the first sentence of paragraph 51 are admitted. The allegations in the second sentence of paragraph 51 are denied. With respect to School Board Bylaws, Defendant states such bylaws speaks for itself, and denies Plaintiff's characterization thereof. Any allegations not expressly admitted are denied.

52. The allegations in paragraph 52 are denied.

53. The allegations in paragraph 53 are denied.

54. With respect to the allegations in paragraph 54, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

55. With respect to the allegations in paragraph 55, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

56. With respect to the allegations in paragraph 56, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

57. With respect to the allegations in paragraph 57, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

58. With respect to the allegations in paragraph 58, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

59. With respect to the allegations in paragraph 59, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

60. The allegations in paragraph 60 are admitted.

61. With respect to the allegations in paragraph 61, Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations, so those allegations are denied.

62. The allegations in paragraph 62 are denied.

63. The allegations in paragraph 63 are denied.

64. With respect to the allegations in paragraph 64, Defendant denies that Plaintiff was terminated from employment for the School Board. Accordingly, the allegations in paragraph 64 are denied.

65. The allegations in paragraph 65 are denied.

66. The allegations in paragraph 66 are denied.

67. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 67, so those allegations are denied.

68. The allegations in paragraph 68 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied.

69. The allegations in paragraph 69 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied.

70. The allegations in paragraph 70 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied.

71. The allegations in paragraph 71 are denied.

72. The allegations in paragraph 72 are denied.

73. Defendant lacks information sufficient to allow formation of a belief as to the truth of the allegations in paragraph 73, so those allegations are denied.

74. The allegations in paragraph 74 are denied.

75. The allegations in paragraph 75 are denied.

76. The allegations in paragraph 76 are denied.

77. The allegations in paragraph 77 are not allegations of fact requiring a response. To the extent any response is required, the allegations are denied.

78. The allegations in paragraph 78 are denied.

79. The allegations in paragraph 79 are denied.

80. The allegations in paragraph 80 relate to claims that have been dismissed, and therefore, no response is required. To the extent any response is required, the allegations are denied.

81. The allegations in paragraph 81 relate to claims that have been dismissed, and therefore, no response is required. To the extent any response is required, the allegations are denied.

82. The allegations in paragraph 82 relate to claims that have been dismissed, and therefore, no response is required. To the extent any response is required, the allegations are denied.

83. The allegations in paragraph 83 relate to claims that have been dismissed, and therefore, no response is required. To the extent any response is required, the allegations are denied.

84. The allegations in paragraph 84 relate to claims that have been dismissed, and therefore, no response is required. To the extent any response is required, the allegations are denied.

85. Any allegations in any headings or subheadings are expressly denied.

86. Defendant states that Plaintiff is not entitled to any of the relief requested in the Prayer for Relief on page 13 of the First Amended Complaint.

87. Any allegations in the First Amended Complaint not expressly admitted are denied.

Date: January 10, 2025

Respectfully Submitted,

Cheryl Facciani

By Counsel

/s/ Stacy L. Haney
Stacy L. Haney (VSB No. 71054)
HANEY PHINYOWATTANACHIP PLLC
9201 Arboretum Pkwy, Suite 160
Richmond, VA 23236
Tel.:  (804) 500-0301
Fax:  (804) 500-0309
Email: shaney@haneyphinyo.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2025, I have electronically filed the foregoing using the CM/ECF system, which will automatically send email notification of such filing to counsel of record.

/s/ Stacy L. Haney
Stacy L. Haney (VSB No. 71054)
HANEY PHINYOWATTANACHIP PLLC
9201 Arboretum Pkwy, Suite 160
Richmond, VA 23236
Tel.:   (804) 500-0301
Fax:    (804) 500-0309
Email:  shaney@haneyphinyo.com
*Counsel for Defendants*